Kellogg vs. Brooks.

---

E. B. KELLOGG, plaintiff in error, vs. JOHN W. BROOKS, defendant in error.

(BY TWO JUDGES.)—It is sufficient to excuse the filing of an affidavit, as required by the Act of October, 13, 1870, that the plaintiff alleges in his declaration, or claims before the Court that he is and has been a non-resident, it must be shown to the Court 'by the plaintiff's oath, or by other proof that the fact of such non-residence is the truth.    5th March, 1872.

Relief Act of 1870.    Before Judge JOHNSON.    Muscogee Superior Court.    May Term, 1871.

This cause of action was founded upon a contract made prior to June, 1865.    Plaintiff filed no affidavit that he had paid taxes on the debt, as required by the Relief Act of 1870, and, for this, defendant's counsel moved to dismiss the cause. The plaintiff's counsel amended his declaration by averring that when said contract was made, and ever since plaintiff was a citizen of New York, and resided there.    No affidavit

being filed, the cause was dismissed. That is, assigned as error.

L. T. DOWNING, for plaintiff in error.

SMITH & ALEXANDER, for defendant. Non-residence does not remove necessity for affidavit: *Brewer vs. Broodfield.*

McCAY, Judge.

By any fair construction of the Act of October 17, 1870, it would seem that to make out a case of exception to the statute, it is not sufficient to allege the facts in the declaration, either at the commencement of the suit or by way of amendment. It would be easy, in this way, to evade altogether that section of the Act which requires the affidavit to be filed. It is a small matter to make a statement in a declaration ; and if this supersedes the necessity of the affidavit required, that section of the Act might as well not have been inserted. We have held, in several cases, that to excuse the filing of the affidavit, there must be either an affidavit of facts, making out the case of exception, or it must appear by the proof, or it must exist in the very nature of the cause of action.

Judgment affirmed.